# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| DEWOLFF, BOBERG & ASSOCIATES, INC., § § § *Plaintiff*, § § v. § § JUSTIN PETHICK, § § *Defendants*. § | CIVIL ACTION NO. 4:20-CV-00556 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand Action to State Court (Dkt. #10). Having considered the motion and the relevant pleadings, the Court finds that Defendant's motion should be **DENIED.**

### BACKGROUND

**I.   FACTUAL BACKGROUND**

This case arises from Defendant's purported breach of contract and breach of fiduciary duty stemming from the employment relationship between the parties. To better understand the nature of this dispute, the Court sets forth the events leading up to this lawsuit.

Plaintiff is a global management consulting company. Plaintiff assists its clients with improving productivity, quality, service, and profitability. To facilitate its business, Plaintiff has developed a database that contains all its confidential and proprietary information. The information contained in the database includes Plaintiff's client and prospective client lists; non-public information relating to Plaintiff's clients' businesses; Plaintiff's proprietary process,

diagnostic, and training materials; Plaintiff's intellectual property, including proprietary software; and non-public data concerning Plaintiff's analysis and operating approaches ("Trade Secrets").

A third-party vendor, Salesforce, maintains Plaintiff's stored Trade Secrets. Only a small number of Plaintiff's employees have the password required to access the Trade Secrets. Defendant's job required him to have access to Plaintiff's Trade Secrets. Additionally, Plaintiff requires all employees to sign a non-disclosure agreement ("NDA").

Defendant accepted an offer of employment from Plaintiff in early October of 2018. Plaintiff informed Defendant in its offer letter, sent on October 4, 2018, that Defendant would be required to sign Plaintiff's standard form of employee nondisclosure. Plaintiff signed the offer of employment.

Defendant executed the non-disclosure agreement ("NDA") on October 5, 2018. Defendant also executed an Employee Service and Non-Competition Agreement ("Employment Agreement") on October 5, 2018.

Defendant resigned from his position in mid-May of 2020. Defendant had accepted a job with and began working for The Powers Company ("Powers")—a competitor of Plaintiff's—before resigning. Further, Plaintiff alleges that Defendant actively solicited Plaintiff's clients and prospective clients in violation of the NDA and Employment Agreement.

## II.   PROCEDURAL BACKGROUND

Plaintiff sent Defendant a cease and desist letter and notice of potential legal action (the "Cease and Desist") on May 21, 2020. The Cease and Desist reminded Defendant of his obligations under the NDA and Employment Agreement. The Cease and Desist directed Defendant to *inter alia*, cease and desist from soliciting Plaintiff's clients and take a leave of absence from Powers while Plaintiff conducted its investigation into Defendant's activities;

warned Defendant that his failure to cease and desist such violations or other violations of the NDA and Employment Agreement would result in legal action against him; and notified Defendant that Plaintiff intended to move forward with obtaining injunctive remedies if he failed to comply with the Cease and Desist.

In response to the Cease and Desist, Defendant agreed to postpone his sales pitch meeting with a prospective client—one Defendant allegedly solicited from Plaintiff—from June 4, 2020 to June 15, 2020.

Plaintiff then filed this action in the 401st Judicial District of Collin County, Texas on June 10, 2020. Defendant filed a Notice of Removal with the United States District Court for the Northern District of Texas, Dallas Division on July 9, 2020. On July 17, 2020, the Northern District of Texas, Dallas Division transferred the case to the Eastern District of Texas, Sherman Division. On August 10, 2020, Plaintiff filed the present Motion to Remand. Defendant filed a Response on August 24, 2020. Plaintiff filed its Reply on August 31, 2020.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). The Court "must presume that a suit lies outside [its] limited

jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper." *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

## ANALYSIS

As a threshold matter, neither party challenges the amount in controversy requirement. Rather, the sole jurisdictional issue is whether complete diversity of citizenship exists between the parties.

Plaintiff argues that remand is required in this case because the parties are not diverse as required for subject matter jurisdiction under 28 U.S.C. § 1332 (Dkt. #10 at p. 4). Plaintiff further argues that Defendant has not met his burden in proving that he was not a Texas citizen at the time suit was filed and when the action was removed (Dkt. #10 at p. 4).

Defendant argues that he properly removed the case because complete diversity exists between the parties (Dkt. #1 at p. 3). Defendant claims that Plaintiff is a citizen of both Texas and Delaware (Dkt. #1 at p. 3). Further, Defendant contends that he is a U.S. citizen who is domiciled in Georgia and was most recently domiciled in Florida (Dkt. #1 at p. 3).

### *Diversity of Citizenship*

For a federal court to have subject matter jurisdiction under 28 U.S.C. § 1332, complete diversity of citizenship must exist at the time suit is filed. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989). If a case is removed from state to federal court, "diversity of citizenship

4

must exist at both the time of filing in state court and at the time of removal…." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

The parties do not dispute that Plaintiff is incorporated in Delaware and has its principal place of business in Texas—making Plaintiff a citizen of both states. Thus, the Court analyzes the citizenship of Defendant only.

### *Citizenship of Defendant*

Plaintiff argues that Defendant was a Texas citizen at all relevant times. Defendant argues that he established his domicile in Florida. Further, Defendant argues that even if his citizenship changed, it changed to Georgia—thus still maintaining complete diversity between the parties.

"A person's domicile persists until a new one is acquired or it is clearly abandoned." *Id.* at 250. To establish a new domicile, a person must have both "physical presence at the new location" and "an intention to remain there indefinitely." *Id*. The Court looks to several factors when determining a person's domicile, including: "places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* at 251.

Defendant filed a wage claim with the Texas Workforce Commission, Labor Law Section on May 20, 2020 (Dkt. #10, Exhibit A at p. 11). Plaintiff argues that Defendant's use of a McKinney, Texas address on the claim creates a presumption of his continuing domicile in Texas (Dkt. #10 at p. 5). A "presumption in favor of the continuing domicile" does exist, but a party may rebut that presumption by "coming forward with enough evidence…to withstand a directed verdict." *Id.* at 250.

Defendant stated that he moved to Florida with his family with the intent to remain indefinitely (Dkt. 1, Exhibit A at p. 3). While Defendant's statement is "relevant to the determination of domicile…it is entitled to little weight if it conflicts with the objective facts." *Id.* at 251. The Court ultimately looks "to all evidence shedding light on the litigant's intention to establish domicile." *Id.*

Defendant sold his home in McKinney—the same home that Defendant listed on his wage claim—on April 2, 2020 (Dkt. #11, Exhibit A at p. 2). Defendant also cancelled the contract for construction of a new home in Texas (Dkt. #1, Exhibit A at p. 3). In March of 2020, Defendant moved to his leased property in Stuart, Florida (Dkt. #1, Exhibit A at p. 3). The United States Postal Service received a permanent address change for Defendant in April of 2020 (Dkt. #1, Exhibit A at p. 3). Defendant also cancelled a country club membership in Texas and resigned from a Texas minor league hockey team (Dkt. #1, Exhibit A at p. 3). Defendant's vehicle is leased from Florida, has Florida license plates, and the lease paperwork lists Defendant's Florida address (Dkt. #1, Exhibit A at p. 3).

Plaintiff argues that Defendant had no intent to remain in Florida and that the Court should attribute no weight to Defendant's submitted declaration (Dkt. #10 at p. 10). Rather, Plaintiff contends that the Court should instead look to the contrary evidence and determine that Defendant remained a Texas citizen despite physical presence in Florida (Dkt. #10 at p. 10). However, in making a jurisdictional assessment, a federal court "may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Id.* at 249. Plaintiff refers to evidence that establishes Defendant was likely a Texas citizen in March of 2020. Defendant has submitted evidence indicating that he moved to Florida with the intent to remain indefinitely between March of 2020 and the time suit

was filed on June 10, 2020. The evidence submitted by Defendant shows that he both maintained a physical presence in Florida and had the intent to remain indefinitely when suit was filed.

For the Court to exercise subject matter jurisdiction under 28 U.S.C. § 1332, complete diversity must also have existed between the parties when the case was removed to federal court. *Id.* This case was removed on July 9, 2020 (Dkt. #9). No dispute exists that Defendant did not move back to Texas after the date suit was filed. Thus, because the Court finds that Defendant was a citizen of Florida on the date of filing, the Court need not determine whether he then became a citizen of Georgia before the case was removed. Regardless of Defendant's domicile in either Florida or Georgia on July 9, 2020, one thing is certain: he was not a citizen of Texas.

### *Jurisdictional Discovery*

Plaintiff asks the Court, alternatively, to grant additional time to complete limited discovery on the issue of Defendant's citizenship. Plaintiff claims that Defendant's declaration contradicts with prior sworn statements to the Texas Workforce Commission and his employment files retained by Plaintiff (Dkt. #10 at p. 10). However, both of those statements occurred before Defendant changed his residency to Florida. Plaintiff seeks the limited discovery to substantiate relevant dates of material actions alleged by Defendant. The Court is of the opinion that Plaintiff is seeking jurisdictional discovery supported only by "conjecture, speculation, or suggestion"— grounds that do not support granting the request. *See NL Indus., Inc. v. OneBeacon America Ins. Co.*, 435 F. Supp. 2d 558, 566 (N.D. Tex. June 8, 2006).

The Court determines that complete diversity existed between the parties at all relevant times in the lawsuit. Thus, the case was properly removed to federal court. Further, jurisdictional discovery is not warranted under the present circumstances.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand Action to State Court (Dkt. #10) is hereby **DENIED.**

**SIGNED this 14th day of September, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE